## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00192-RM-NYW

KAVKAZ EXPRESS, LLC,

     Plaintiff,

v.

ENDURANCE WORLDWIDE INSURANCE LIMITED,

     Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

     This action is before the court for Recommendation on Plaintiff Kavkaz Express, LLC's ("Kavkaz" or "Plaintiff") Motion to Remand (or "Motion") [Doc. 13, filed February 2, 2022]. The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated February 8, 2022 [Doc. 17], and the Memorandum dated the same day [Doc. 19]. Upon review of the Parties' briefing and the applicable case law, the undersigned **RECOMMENDS** that the Motion to Remand be **DENIED**.

## BACKGROUND

     Kavkaz initiated this action on January 22, 2021, by filing a Complaint against Endurance American Insurance Company in the District Court, City and County of Denver. *See* [Doc. 5]. On April 19, 2021, Kavkaz filed a First Amended Complaint in which it substituted Endurance Worldwide Insurance Limited ("Endurance Worldwide" or "Defendant") as the proper party Defendant. *See* [Doc. 7].

     ***Notice of Removal.*** On January 24, 2022, Endurance Worldwide removed the action to the United States District Court for the District of Colorado, invoking diversity jurisdiction. *See*

[Doc. 1]. In the Notice of Removal, Defendant states that it accepted service of the First Amended

Complaint on April 20, 2021. *See* [*id.* at 2]; *see also* [Doc. 1-5]. Defendant contends that Plaintiff

did "not disclose[ ] the identity of the member(s) of Kavkaz and/or the member(s) place of

residence, whether in the Complaint, the First Amended Complaint, or in discovery." [Doc. 1 at

¶ 3]. Defendant further explains that it did not learn about the removability of this action until

January 13, 2022, when it conducted independent research to learn this information, and therefore

its removal was timely:

> On January 13, 2022, through its own research, counsel for Defendant first learned that Kavkaz is a single member limited liability corporation, whose member is a citizen of the State of Colorado. Therefore, Defendant first learned of the removability of this action on January 13, 2022. This notice of removal is timely because it is filed within one year after the commencement of this action. See 28 U.S.C. § 1446(c)(1).

[*Id.* at ¶ 4].

With respect to Plaintiff's citizenship, Defendant acknowledges that Kavkaz, as a limited

liability company, takes the citizenship of all its members; and points to three documents to support

its proposition that Kavkaz's citizenship is diverse from Defendants. [*Id.* at ¶¶ 8–11]. First,

Defendant points to Kavkaz's Periodic Report filed with the Colorado Secretary of State dated

January 13, 2022, [Doc. 1-12], which reflects that Kavkaz's registered agent is Zukhra Uzdenova

("Mr. Uzdenova"), with a registered address at 8051 E. Bayaud Ave., Denver, Colorado 80230.

[Doc. 1 at ¶ 8]. Second, Defendant points to a Foreign Registration Statement filed with the

Indiana Secretary of State dated May 8, 2020, [Doc. 1-13], which states that Kavkaz is a single-

member LLC formed on July 13, 2014 in Colorado, represents that Kavkaz's principal office

address is located in Gary, Indiana, and contains a verification under penalty of perjury signed by

Mr. Uzdenova, whose title is identified as a "Member". [Doc. 1 at ¶ 10]; *see also* [Doc. 1-13 at

1–5]. Third, Defendant points to an Application by Foreign Limited Liability Company for

Authorization to Transact Business in Florida, [Doc. 1-14], in which Kavkaz identified its Member as Mr. Uzdenova with an address located at 8051 E. Bayaud Ave., Denver, Colorado 80230. [Doc. 1 at ¶ 11]. Based on these documents, Defendant contends that Mr. Uzdenova's domicile is in Colorado and, therefore, Kavkaz is a citizen of Colorado. [*Id.* at ¶ 12]. Defendants further assert that, because Endurance Worldwide "is incorporated under the laws of England and Wales, with a principal place of business in London, England[,] . . . there is complete diversity between Plaintiff and Defendant pursuant to 28 U.S.C. § 1332(a)." [*Id.* at ¶¶ 13–14].

***Order to Show Cause.*** On January 26, 2022, this court ordered Defendant to show cause, on or before February 2, 2022, why this case should not be remanded for untimely removal. *See* [Doc. 10]. Specifically, this court noted that it was not clear from the Notice of Removal that such removal was indeed timely under 28 U.S.C. § 1441(c)(1), as Defendant claimed. *See* [Doc. 1 at 2]. In particular, Defendant did not identify any "motion, order or other paper" it received within thirty days of the Notice of Removal. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, *through service or otherwise, of a copy of an amended pleading, motion, order or other paper* from which it may first be ascertained that the case is one which is or has become removable." (emphasis added)).

Defendant responded to the show cause Order on February 2, 2022. [Doc. 12 ("Show Cause Response")]. Therein, Defendant asserts that this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), which provides for diversity jurisdiction between "citizens of a State and citizens of a foreign state." *See* [*id.* at ¶ 24]. As to timeliness, Defendant contends that the Notice of Removal was timely on the basis that "[t]he 30-day deadlines set forth in 28 U.S.C. §§ 1446(b)(1) and 1446(b)(3) do not apply because neither [P]laintiff's initial pleading nor any

subsequent amended pleading, motion, order or other paper provided 'unequivocal notice' of the right to remove, as none of those documents disclose the identity and citizenship of [P]laintiff's member." [*Id.* at ¶ 1]. Defendant also asserts that although the Complaint and First Amended Complaint represented that "Kavkaz Express, is a Colorado Limited Liability Company formed under the laws of the state of Colorado with an address of 8051 E Bayaud Ave, Denver, Colorado 80230[,]" those documents do "not allege the identity and citizenship of Kavkaz's member(s)." [*Id.* at ¶¶ 3, 6]. Defendant further contends that no other documents produced during the Parties' state-court litigation "contain any information as to the identity and citizenship of Kavkaz's member(s)." [*Id.* at ¶¶ 5, 7–18, 20–21].

The same day, Plaintiff filed the instant Motion to Remand. [Doc. 13]. Pursuant to this court's Order [Doc. 14], Defendant responded to the Motion on February 11, 2022, [Doc. 20], and Plaintiff replied on February 18, 2022, [Doc. 21]. The Motion to Remand is thus ripe for determination.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *See Casey v. Williams Prod. RMT Co.*, 599 F. Supp. 2d 1250, 1251 (D. Colo. 2008). Therefore, it follows that courts strictly construe removal statutes to "limit the federal court's authority." *Cellport Sys. v. Peiker Acustic GmbH & Co. KG*, 335 F. Supp. 2d 1131, 1133 (D. Colo. 2004). Strict construction serves the goal of "not distort[ing] any division of labor between the state and federal courts." *Grabel & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 310 (2005). This method of construction also serves certain "practical considerations," such as the time and money spent by parties, judicial resources, and promotes efficiency. *See Paros Props. L.L.C. v. Colo. Cas. Ins. Co.,* 835 F. 3d 1264, 1270–71 (10th Cir. 2016).

28 U.S.C. § 1446 sets forth the requirements for removal of a civil action from state court to federal court, the relevant provisions of which state:

> (b)(1) The notice of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) . . . if the case stated by the initial pleading is not removable, a notice may be filed within 30 days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it *may first be ascertained* that the case is one *which is or has become removable*.

*Id.* § 1446(b)(1), (3) (emphasis added).  A party's failure to follow these provisions will result in a remand of the case to state court.  *See Krueger v. Kissinger*, 37 F. Supp. 3d 1200, 1206 (D. Colo. 2014).

Where a case is not originally removable, "a defendant who receives a pleading or other paper indicating the post commencement satisfaction of jurisdictional requirements . . . may remove to federal court."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).  It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Therefore, when a defendant removes a case from state court asserting the court's diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied.  *See Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996) ("The party seeking removal has the burden of showing the propriety of removal."); *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence.").  In analyzing this issue, courts exercise a "presumption against

removal" and "strictly construe removal statutes and procedural requirements." *Casey*, 599 F. Supp. 2d at 1251.  Following this construction, "all doubts are resolved in favor of remand." *Cellport Sys.*, 335 F. Supp. 2d at 1133.

## ANALYSIS

In the Motion, Kavkaz seeks the court's remand of this action on three bases.  First, Plaintiff argues that the Notice of Removal was untimely on the grounds that "the Complaint was plain on its face that Kavkaz is a Colorado citizen, placing Defendant on notice upon receipt of the First Amended Complaint at the latest."  [Doc. 13 at 3].  Second, Plaintiff argues that "to the extent Defendant's contention is correct and the First Amended Complaint did not provide sufficient notice of diversity, the information now relied upon by Defendant to create diversity citizenship is equally insufficient because it does not provide any facts about the domicile Kavkaz's member." [*Id.*].  Third, Plaintiff contends that the documents Defendants rely upon in support of diversity of the Parties in the Notice of Removal were not "generated" in this litigation and therefore "do not qualify under 'the receipt of other paper' exception to the removal statute pursuant to 28 U.S.C. § 1446(c)(1)."  [*Id.*].

Plaintiff's arguments focus on (1) the timeliness of Defendant's removal and (2) whether Defendant has met its burden to establish the diversity of the Parties. The court will address Plaintiff's arguments under each issue in turn.

## I.    Timeliness of Removal

### A.    Whether the Complaint Provided Defendant Unequivocal Notice that this Case was Removable

Where a defendant can ascertain that a case is removable from the complaint, a thirty-day time limit starts to run immediately under 28 U.S.C. §1446(b)(1).  However, where a case is not initially removable, a "second thirty-day period is triggered" once the defendant becomes aware

6

that the case is removable.  *Chateau Vill. North Condo. A'ssn v. Am. Family Mut. Ins. Co.*, No. 14-cv-01583-PAB-NYW, 2015 WL 1064627, at *3–4 (D. Colo. Mar. 9, 2015); *see also* 28 U.S.C. § 1446(b)(3) (stating the procedure for removability of a case not initially removable).

Determining if a case is removable focuses on the information the plaintiff provides the defendant in the initial pleading.  *Akin v. Ashland Chem. Co.*, 156. F. 3d 1030, 1036 (10th Cir. 1998).   The Tenth Circuit has determined "ascertain" to mean the plaintiff has provided "unequivocal notice."  *Id.*; *see also DeBry v. Transamerica Corp.,* 601 F. 2d 480, 489 (10th Cir. 1979) (requiring a defendant be able to "ascertain intelligently" the case is removable before the 30-day period starts).  There are several ways a plaintiff may put a defendant on notice, including the receipt of a "copy of an amended pleading, motion, order or other paper."  28 U.S.C § 1446(b)(3).  Outside the specifically listed methods of notice—amended pleading, motion, order— there is the term "other paper," which encapsulates more than just one type of document. *Kissinger,* 37 F. Supp. 3d at 1205–06.  "Most courts . . . have consistently interpreted the term *other paper* broadly."  *Paros,* 835 F.3d at 1268 (emphasis in original).  Furthermore, courts have applied this broad view of other paper when any of the jurisdictional requirements become satisfied after the initial pleading.  *See id.* at 1268.

In the Motion, Kavkaz first argues that the original Complaint [Doc. 5, filed January 22, 2021] and the First Amended Complaint [Doc. 7, filed April 19, 2021] placed Defendant on notice of this case's removability because both documents identified an amount in controversy greater than $75,000 and the first allegation in each of those documents states that Kavkaz "is a Colorado Limited Liability Company formed under the laws of the state of Colorado with an address of 8051 E Bayaud Ave, Denver, Colorado 80230."  [Doc. 13 at 5 (citing [Doc. 5; Doc. 7]).  Therefore,

Plaintiff contends, this case "has *always* been removable, but [ ] Defendant delayed in attempting removal."  [*Id.* at 6 (emphasis added)].

In its Response, Endurance Worldwide counters that "[t]he 30-day deadlines set forth in 28 U.S.C. §§ 1446(b)(1) and 1446(b)(3) do not apply because neither the original complaint nor any subsequent amended pleading, motion, order or other paper provided 'unequivocal notice' of the right to remove, as none of those documents disclose the identity and citizenship of Kavkaz's sole member."  [Doc. 20 at 2]; *see also* [*id.* at 13–14 (arguing that Plaintiff's "allegation that it was formed under the laws of Colorado did not give Endurance 'unequivocal' notice that Kavkaz was in fact a citizen of Colorado, because Kavkaz did not include any allegation about its member(s)")]. Accordingly, Defendant contends, "the <u>only</u> applicable deadline is the one-year deadline under 28 U.S.C. § 1446(c)(1)," [*id.* (emphasis in original)], and the removal was therefore timely, [*id.* at 16].  The court respectfully agrees with Defendant.

First, there is no dispute that the original Complaint and First Amended Complaint contain the same allegation regarding Kavkaz: that it "is a Colorado Limited Liability Company formed under the laws of the state of Colorado with an address of 8051 E Bayaud Ave, Denver, Colorado 80230."  [Doc. 5 at ¶ 1; Doc. 7 at ¶ 1].  Plaintiff also does not dispute Defendant's assertion in the Notice of Removal that Endurance Worldwide "is incorporated under the laws of England and Wales, with a principal place of business in London, England."  [Doc. 1 at ¶ 13].  Thus, for the purposes of the instant Motion, there is no dispute that Endurance Worldwide is a citizen of England. *See* 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009) (same).

The question before the court, therefore, is when Endurance Worldwide could "first ascertain that the case was one which was or had become removable." *Paros*, 835 F.3d at 1269 (quoting 28 U.S.C. § 1446(b)(3)) (alterations omitted).  The court first considers whether Defendant "could [ ] have ascertained removability from the complaint itself" based on the allegation that Kavkaz is a "Colorado Limited Liability Company formed under the laws of the state of Colorado with an address of 8051 E Bayaud Ave, Denver, Colorado 80230." *See id*; *see also* [Doc. 5 at ¶ 1; Doc. 7 at ¶ 1].  Specifically, because Defendant is a citizen or subject of a foreign state, this court looks to whether Endurance could determine that Plaintiff was a citizen of a State.  *See* 28 U.S.C. § 1332(a)(2).  As explained below, the court finds that Defendant could not ascertain removability from the Complaint (or the First Amended Complaint).

In the Tenth Circuit, for purposes of determining jurisdiction, a limited liability company is an unincorporated association and takes the citizenship of all its members.  *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).  Critically, "in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."  *Id.* at 1237–38; *see also Management Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321 (10th Cir. 2016).  As mentioned above, the 30-day window to remove a case to federal court begins to run 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Here, Plaintiff does not dispute Mr. Uzdenova is Kavkaz's sole member, nor does it dispute that information regarding Mr. Uzdenova's identity and citizenship is not contained in the Complaint, First Amended Complaint, or any other the other documents produced in the state-

court litigation.  *Compare* [Doc. 12 at ¶¶ 5, 7–18, 20–21] *with* [Doc. 13; Doc. 21].[1]  Thus, because Plaintiff is a limited liability company, I find that Defendant could not ascertain that the case was removable from the Complaint or First Amended Complaint without knowing the identities and citizenship of plaintiff's members.  *See Great W. Dairy, LLC v. MWI Veterinary Supply Co.*, No. 20-cv-01142-PAB, 2020 WL 2214395, at *2 (D. Colo. May 7, 2020) ("Without knowing the identities and citizenship of plaintiff's members, defendant could not ascertain that the case was removable.").  Indeed, the information that Plaintiff is a Colorado limited liability company and has an address in Colorado is insufficient to determine whether Plaintiff is a foreign citizen, which might preclude federal subject matter jurisdiction.  *See Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 492 (1983) ("[D]iversity jurisdiction is not sufficiently broad to support a grant of jurisdiction over actions by foreign plaintiffs, since a foreign plaintiff is not 'a State, or [a] Citize[n] thereof.'" (citation omitted)).

### B.   Whether "Other Papers" Exist from Which Defendant Could Ascertain that the Case was Removable

However, the court's inquiry does not end there.  Indeed, because Plaintiff's initial pleading and operative pleading did not provide Defendant with adequate notice of removability, the court must next consider whether some "other paper" exists "from which it may first be ascertained that the case is one which is or has become removable."  *See* 28 U.S.C. § 1446(b)(3).  The court finds that no such "other paper" exists.

In the Motion, Kavkaz argues that "the research conducted by Defendant does not fall within the provisions of § 1446(b)(3)" because such research does not constitute "an amended

---

[1] Given that there is no diversity requirement for the case to proceed in Colorado state court, Plaintiff was not required to identify its members or their respective citizenship.

pleading, motion, order or other paper." [Doc. 13 at 10]. However, Defendant does not contend that its independent research constitutes "an amended pleading, motion, order, or other paper" under § 1446(b)(3). Indeed, as Defendant clarifies in its responses to the court's Show Cause Order and the instant Motion, the 30-day removal period under § 1446(b)(3) begins to run only *after* a defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which or has become removable." 28 U.S.C. § 1446(b)(3); *see also Paros*, 835 F.3d at 1269; [Doc. 12 at ¶ 27; Doc. 20 at 2]. Thus, insofar as Plaintiff argues that Defendant's removal of this action rests upon Defendants' "receipt" of a "paper" as required under the removal statute, the court is not persuaded.

As explained further below, because the 30-day removal deadlines set forth under 28 U.S.C. §§ 1446(b)(1) and 1446(b)(3) are inapplicable to the facts of this case, the only applicable time limitation is the one-year removal deadline under § 1446(c)(1). *See* 28 U.S.C. § 1446(c)(1) ("A case may not be removed [based on diversity of citizenship] more than 1 year after commencement of the action [in state court.]"). The court now turns to whether the instant removal has sufficiently met the one-year deadline.

### C.    Whether Defendant Sufficiently Removed the Action Within One Year of the Filing of the Original Complaint

As an initial matter, this court addresses Plaintiff's argument that Defendant should have availed itself "to written discovery tools in order to ascertain whether [this] case [was] removable if not initially removable." [Doc. 13 at 12]. Endurance Worldwide argues that it was "unable to 'intelligently ascertain' the grounds for removal until it conducted its own research and learned Kavkaz was a single-member limited liability company." [Doc. 20 at 18]. Defendant alleges it conducted this research on January 13, 2022, upon which time it learned that this case was

removable and, thereafter, "timely removed within the one-year deadline pursuant to 28 U.S.C. § 1446(c)(1)."   [*Id.*]; *see also* [*id.* at 17 ("[R]emoval is timely based on the defendant's own investigation within the one year removal deadline.")].

The Tenth Circuit is "very strict in assessing whether the grounds for removal are ascertainable." *Paros*, 835 F.3d at 1269.  To trigger the start of the thirty-day removal clock, the complaint must provide the defendant with "unequivocal notice of the right to remove." *Id.* (quoting *Akin*, 156 F.3d at 1036).  Notably, the Tenth Circuit "disagree[s] with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist." *Akin*, 156 F.3d at 1036 (emphasis in original).  Indeed, "practical concerns over the expenditure of judicial and party resources weigh against allowing extensive litigation over when a defendant realized or should have realized that a case was removable." *Schmidt v. Reinalt-Thomas Corp.*, 18-cv-845-JAP-KBM, 2018 WL 6002394, at *2 (D.N.M. Nov. 14, 2018) (citing *Paros*, 835 F.3d at 1270).  Instead, the Tenth Circuit has cited favorably cases from other circuits holding that courts "will not inquire into a defendant's subjective knowledge or what the defendant should have inferred from an investigation or a review of its files." *Paros*, 835 F.3d at 1270–71 (collecting cases).  Thus, while a defendant *may* engage in such research, if a complaint does not provide clear notice of the citizenship of the parties, allowing a defendant the ability to intelligently ascertain removability, "the defendant need not do research to determine whether or not the case is removable." *C&Z, LLC v. Lowe's Home Centers, Inc.*, No. 1:13-cv-00128-JAP-GBW, 2013 WL 12183068, at *4 (D.N.M. Aug. 5, 2013).  "Of course, in practice[,] defendants desiring federal jurisdiction presumably will engage in such investigation.  *But technically, if a complaint does not adequately establish that the [diversity of the parties], the thirty-day removal clock does not begin to run* unless and until the defendant

receives an 'amended pleading, motion, order or other paper from which it may first be ascertained that' [the parties are diverse] and the case is removable." *Id.* (emphasis added).

As explained above, neither the Complaint, First Amended Complaint, nor any "other paper" in the record in this case provided Endurance Worldwide with the requisite grounds to ascertain removability. For that reason, the thirty-day removal period was never triggered. *See Budnella v. USAA Gen. Idemnity Co.*, No. 20-cv-00944-KMT, 2020 WL 2847627, at *6 (D. Colo. June 2, 2020); *see also Paros*, 835 F.3d at 1271 n.5 ("[A] defendant need not await [ ] unambiguous notice before filing a notice of removal. Once it reasonably believes that the jurisdictional prerequisites have been satisfied, it can properly seek removal."); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time.").

Under 28 U.S.C. § 1446(c)(1), "[a] case may not be removed [based on diversity of citizenship] more than 1 year after commencement of the action [in state court.]" Here, Plaintiff does not dispute that Defendant's Notice of Removal was filed within one year of the filing of the original Complaint. *See* [Doc. 13; Doc. 17]; *see also* [Doc. 20 (explaining that Plaintiff filed the original Complaint on January 22, 2021, the one-year removal deadline fell on January 22, 2022, and Defendant filed the Notice of Removal on January 24, 2022 pursuant to Fed. R. Civ. P. 6(a)(1)(C) because January 22, 2022 "fell on a Saturday"). Accordingly, the court finds that Defendant removed this case within the one-year deadline under § 1446(c)(1).

## II. Whether Defendant Has Sufficiently Demonstrated Diversity of the Parties by a Preponderance of the Evidence

In the Motion, Plaintiff argues that Defendant's reliance on Secretary of State filings from other states cannot form the basis of removal as those documents "do not establish the domicile of

the purported sole member of Kavkaz in January of 2021." [*Id.* at 8]. Plaintiff contends that the filings upon which Defendant relies from the Indiana Secretary of State pre-date the filing of the Complaint and identify an address for Mr. Uzdenova located in Gary, Indiana. [*Id.*]. In addition, Plaintiff argues that filings from the Florida Secretary of State are dated after the filing of the Complaint and list an address for Mr. Uzdenova located in Denver, Colorado. [*Id.*]. Plaintiff further contends that those documents "do not shed light on whether either of the addresses listed by Uzdenova were his personal residence or business address" and "[i]f those addresses reflect Uzdenova's residence, such is unknown, nor is known the dates Uzdenova resided at either location, which address was his primary residence, or most importantly, if he intended to remain at either address." [*Id.* at 9]. In the Response, Endurance Worldwide argues that it has satisfied its burden of demonstrating the existence of diversity jurisdiction by a preponderance of the evidence. [Doc. 20 at 1, 6–11]. This court respectfully agrees.

Defendant asserts jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), which invokes this court's jurisdiction in an action between "citizens of a State and citizens or subjects of a foreign state[.]" *See* [Doc. 20 at 2, 9]. Based on that part of the removal statute, Defendant contends that it need "only establish by a preponderance of the evidence that Kavkaz, through its member Uzedenova [sic], is a citizen of a State." [Doc. 20 at 9 (emphasis in original)].

Defendant points to Kavkaz's Articles of Organization and various periodic filings with the Colorado Secretary of State which identify Mr. Uzdenova as Kavkaz's registered agent with addresses in Denver, Colorado. [Doc. 20 at 4–5]; *see also* [Doc. 20-1 to Doc. 20-7; Doc. 20-9; Doc. 20-10]. Defendant also references Kavkaz's answer to a complaint in another cause of action, *Vista Food Exchange, Inc., et al. v. Zamirbek Aidarov, et al.*, Case No. 1:19-cv-05425-NRB (S.D.N.Y. Oct. 29, 2019), wherein Kavkaz, a defendant in that action, admits that "all members of

14

Kavkaz reside in Colorado or Illinois . . ." *See* [Doc. 20 at 5]; *see also* [Doc. 20-8 at ¶ 16].   Based

on those documents, Defendant contends that it "has demonstrated a presumption of [Kavkaz's]

continuing residence in the State of Colorado, which is prima facie evidence of [Mr. Uzedenova's]

domicile"; and, in any event, "it matters not whether Uzedenova's [sic] actual domicile is

Colorado, Indiana, or any other State *because Endurance is a citizen of a foreign state*."   [Doc. 20

at 9 (emphasis added)].

In the Reply, Kavkaz challenges Defendant's evidence of diversity of citizenship on two

grounds.  First, Plaintiff argues that Defendant's "admission that it must show Kavkaz is a citizen

of '<u>a State</u>' belies its argument that it could not determine diversity jurisdiction from the

Complaint."  [Doc. 21 at 2 (capitalizations omitted) (emphasis in original)].  However, Plaintiff's

first challenge is misplaced.  Indeed, although Defendant *could have* independently investigated

Plaintiff's allegations to determine Kavkaz's citizenship for diversity purposes, Defendant was

under no duty to do so, including even if it believed that the right to remove this action *may have*

existed since its inception.  *See Akin*, 156 F.3d at 1036 (disagreeing "with cases from other

jurisdictions which impose a duty to investigate and determine removability where the initial

pleading indicates that the right to remove *may* exist" (emphasis in original)).  And, as explained

above, neither the Complaint, First Amended Complaint, nor any "other paper" in the record

provided Endurance Worldwide with the requisite grounds to ascertain removability as none of

those documents disclosed Mr. Uzdenova as Kavkaz's sole member, let alone his domicile.

Accordingly, insofar as Mr. Uzdenova *could have* been domiciled in London, Defendant's

assertion that it could not determine diversity jurisdiction from any of the documents produced in

litigation is substantiated by the record. *See id.*; *C&Z*, 2013 WL 12183068, at *4 ("[T]echnically,

if a complaint does not adequately establish that the [diversity of the parties], the thirty-day

removal clock does not begin to run unless and until the defendant receives an 'amended pleading, motion, order or other paper from which it may first be ascertained that' more [the parties are diverse] and the case is removable.").[2]

As to its second challenge, Plaintiff contends that even if "a registered agent address could meet the preponderance of the evidence standard, this is still insufficient to place Endurance on the type of 'unambiguous' notice or allow Endurance to 'intelligently ascertain' Uzdenova's domicile" because the Tenth Circuit "has declined to adopt a preponderance of the evidence standard for case[s] such as this." [*Id.* at 5]. Plaintiff cites to *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) to support this argument, and for the proposition that "the party invoking federal jurisdiction [must] 'affirmatively establish' that diversity jurisdiction exists." [*Id.*]. However, *Martin* does not stand for the proposition asserted by Plaintiff. To the contrary, the Tenth Circuit expressly declined to decide "whether a more stringent [evidentiary standard] should be applied." 251 F.3d at 1290.[3] Moreover, the Tenth Circuit has since reconciled

---

[2] Relatedly, Plaintiff argues that "to the extent strict application is applied and the Complaint is deemed insufficient" to place Defendant on notice of the removability of this action, "the information Endurance later claimed put it on notice of diversity is equally insufficient" because those documents "merely confirmed what Endurance always knew – that the Parties are diverse and removal would have been proper earlier in the litigation." [Doc. 21 at 4]. This argument is essentially a rephrasing of Plaintiff's first argument that the Complaint and First Amended Complaint supplied sufficient information to Defendant regarding the removability of this action, which the court has already rejected. *See supra.*

[3] The entirety of that portion of the Tenth Circuit's opinion in *Martin* reads as follows:

> Although this court has not expressly adopted the preponderance standard in these circumstances, we have stated that the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice." The italicized language requires at a minimum that the jurisdictional amount be shown by a preponderance of the evidence. Because, as we discuss below, we conclude that defendants have failed to meet this burden, we need not decide whether a more stringent one should be applied.

251 F.3d at 1290 (first emphasis in original, second emphasis added) (citation omitted).

its opinion in *Martin* and held that "jurisdictional facts must be proven by a preponderance [of the evidence.]" *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (relying upon the Seventh Circuit's opinion in *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006), where that court held that "a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence").

To resume, "[t]he jurisdictional facts that the removing party must adduce to show diversity are inherently different from the facts needed to show amount in controversy." *Walker v. Am. Stand. Ins. Co. of Wisconsin*, No. 11-cv-00927-LTB, 2011 WL 3439404, at *3 (D. Colo. Aug. 5, 2011) (*comparing Buell v. Sears, Roebuck & Co.,* 321 F.2d 468, 470 (10th Cir. 1963) (suggesting that diversity can be shown by alleging that a plaintiff is a citizen of a state different from a defendant corporation's principal place of business) *with McPhail,* 529 F.3d at 954 (explaining that amount in controversy can be shown by a calculation from the complaint's allegations, by evidence about how much it would cost to satisfy plaintiff's demands, or reference to plaintiff's estimates)). "If a defendant-corporation files a notice to remove the [ ]plaintiff's case to federal court pursuant to diversity jurisdiction, the removing-defendant will have met its burden to show the required diversity of citizenship by affirmatively alleging the following: [1] diversity of citizenship; [2] the plaintiff's citizenship rather than mere residency; and [3] its principal place of business." *Walker*, 2011 WL 3439404, at *3. As explained herein, I find that Defendant has sufficiently demonstrated all three elements.

In its Reply, Kavkaz argues that Endurance Worldwide nevertheless has not met its burden of showing diversity of citizenship by a preponderance of the evidence. Specifically, Plaintiff begins by asserting that "[t]here is no evidence that supports 8051 E. Bayaud Ave, Denver, Colorado 80230 has even been Uzdenova's residence, only that it is used as a physical address as

a place he may be physically present" and such "[p]hysical presence is insufficient to show residence" and prove Plaintiff's domicile. [Doc. 21 at 4]. I respectfully disagree.

First, as the Parties correctly observe, the citizenship of an LLC is determined not by its state of organization or principal place of business, but by the citizenship of all of its members. *See Siloam*, 1237–38 ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members."). Defendant, as the proponent of federal jurisdiction, must specifically identify and state the citizenship of each member of each unincorporated association. *See Den 8888, LLC v. Navajo Express, Inc.*, No. 21-cv-00321-STV, 2021 WL 463623, at *3 (D. Colo. Feb. 9, 2021); *U.S. Advisor, LLC v. Berkshire Prop. Advisors, LLC*, No. 09-cv-00697-PAB-CBS, 2009 WL 2055206, at *2 (D. Colo. July 10, 2009) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006)). A negative allegation of citizenship is not sufficient. *See, e.g.*, *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125–26 (1st Cir. 2011) (holding that allegations of LLC's citizenship in the negative are insufficient to establish diversity jurisdiction); *see also* 13E Charles A. Wright et al., Fed. Prac. & Proc. § 3611 (3d ed. 2009) (updated Oct. 2020) ("Neither is a negative statement that a party is not a citizen of a particular state usually sufficient.").

Kavkaz argues that a registered agent's address is not "prima facie proof or even preponderance of the evidence of a person's domicile." [Doc. 21 at 4–5]. However, Defendant offers more than just "a registered agent's address." [*Id.* at 4]. Instead—in addition to referencing the Colorado-based addresses in Kavkaz's filings with the Colorado and Indiana Secretaries of State—Defendant points to Kavkaz's answer in the *Vista Food Exchange* action wherein Kavkaz admits that "all member of Kavkaz reside in Colorado or Illinois . . ." *See* [Doc. 20-8 at ¶ 16]. Plaintiff does not dispute the substance of these documents. *See* [Doc. 21]; *see also Walker v. Am.*

*Stand. Ins. Co. of Wisconsin*, No. 11-cv-00927-LTB, 2011 WL 3439404, at *4 (D. Colo. Aug. 5, 2011) (noting that courts are permitted to examine the documents "submitted along with the notice" for jurisdictional facts).   And although "[r]esidence alone is not the equivalent of citizenship, [ ] the place of residence is *prima facie* the domicile.  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also Pacheco v. Const. Nursing and Rehab. Ctr. LLC*, No. 21-cv-00875-DDD-KMT, 2021 WL 5548303, at *3 (D. Colo. July 6, 2021) (same).

Accordingly, the court finds that Defendant sufficiently establishes by a preponderance of the evidence that Kavkaz, through its sole member Uzdenova, is a citizen of the State of Colorado, and that Uzdenova was domiciled in Colorado before and after January 22, 2021—the day the original Complaint was filed.  *Compare* [Doc. 20-10 at 2] *with* [Doc. 1-12 at 3]; *see also Gidding v. Fitz*, No. 17-cv-01334-RM-NYW, 2017 WL 11547840, at *5 n.5 (D. Colo. Nov. 6, 2017) (taking "judicial notice of [an] Application for Certificate of authority for Foreign Limited Liability Corporation" and "Articles of Organization" and finding that diversity jurisdiction existed, noting that "[n]either [of the documents] suggest[ed] the existence of LLC members who are located in Colorado, and [the plaintiff] also does not argue that [the LLC] has any Colorado members")*; cf. Loder v. MMFS Intern. Sa De Cv*, No. 08-cv-00781-PAB-MEH, 2009 WL 2514134, at *2 (D. Colo. Aug. 13, 2009) ("Courts exercise their discretion to determine jurisdictional facts by weighing the totality of the evidence and making findings regarding a particular party's intent to remain in a specific location.").[4]

Finally, the court notes that there is no dispute that Defendant has sufficiently alleged that Endurance Worldwide is a citizen of a foreign state.  *See* [Doc. 1 at ¶ 13 ("Endurance Worldwide

---

[4] The court also notes that Plaintiff does not suggest that Mr. Uzdenova's domicile is *not* located in Colorado.  *See* [Doc. 13; Doc. 21].

. . . is incorporated under the laws of England and Wales, with a principal place of business in London, England.")]; *see also* 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").  As such, 28 U.S.C. § 1332(a)(2)—which provides diversity of citizenship between "citizens of a State and citizens or subjects of a foreign state"—applies here.  *See, e.g.*, *Socy. of Lloyd's v. Reinhart*, 402 F.3d 982, 1002 (10th Cir. 2005) ("Similarly [the plaintiff] maintains its principal place of business in London, England. These facts are unchallenged, and comprise the weightiest part of our inquiry.").

In sum, I find Defendant's Notice is timely and sufficiently establishes the diversity of the Parties to invoke this court's diversity jurisdiction under 28 U.S.C. § 1332(a)(2).  Therefore, I respectfully **RECOMMEND** that Plaintiff's Motion to Remand be **DENIED**.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that:

> (1)     The Order to Show Cause [Doc. 10] be **DISCHARGED**; and
>
> (2)     Plaintiff's Motion to Remand [Doc. 13] be **DENIED**.[5]

---

[5] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant

**IT IS FURTHER ORDERED** that:

(1)     To the extent that the presiding judge, the Honorable Raymond P. Moore, adopts the Recommendation, the Parties shall contact the chambers of Magistrate Judge Nina Y. Wang to set a Final Pretrial Conference in this matter.

DATED: March 28, 2022                               BY THE COURT:

                                                    Nina Y. Wang
                                                    United States Magistrate Judge

---

had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).